NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3315

ALLEN VIDAL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Allen Vidal, of Mililani, Hawaii, pro se.

Joseph E. Ashman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3315

ALLEN VIDAL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831070283-I-1.

_____

DECIDED:  February 25, 2008

_____

Before BRYSON and MOORE, <u>Circuit Judges</u>, and WOLLE, <u>Senior District Judge</u>.[*]

PER CURIAM.

## DECISION

The Office of Personnel Management ("OPM") denied Allen Vidal's request for benefits under the Civil Service Retirement System ("CSRS").  On Mr. Vidal's appeal, the Merit Systems Protection Board affirmed.  We <u>affirm</u>.

_____

[*]    Honorable Charles R. Wolle, Senior District Judge, United States District Court for the Southern District of Iowa, sitting by designation.

BACKGROUND

Mr. Vidal served on active duty in the United States Army from July 3, 1956, until September 26, 1974. He subsequently worked at naval shipyards for the Department of the Navy from October 3, 1977, until February 13, 1989. Mr. Vidal made contributions into the CSRS for the entire time he was employed at the naval shipyards. On February 13, 1989, Mr. Vidal resigned from his civil service position and requested a refund of his CSRS contributions. The refund request form noted that Mr. Vidal would be giving up any rights he might have to an annuity if he accepted the refund. The refund was duly processed and a check for the full amount, $19,281.23, was sent to Mr. Vidal's address on file.[1] Mr. Vidal subsequently applied for a deferred annuity under the CSRS on November 13, 2006.

OPM denied Mr. Vidal's application based on the refund that Mr. Vidal had applied for and that had been sent to him. Mr. Vidal requested reconsideration, which OPM denied, with an explanation that the refund could not be redeposited in exchange for an annuity because Mr. Vidal was no longer working in the civil service. Mr. Vidal appealed the adverse OPM decision to the Merit Systems Protection Board. After holding a telephonic conference, the administrative judge who was assigned to the case issued a ruling affirming OPM's decision. Mr. Vidal now appeals the Board's decision to this court.

---

[1] At earlier points in this case, Mr. Vidal appeared to contest whether the refund check had been cashed, but he has not raised that argument before this court. In any event, the Board found that Mr. Vidal received the check, and that finding is supported by the record.

## DISCUSSION

We agree that because Mr. Vidal received a refund of his CSRS contributions, he is not eligible for annuity benefits. Mr. Vidal would have been entitled to an annuity if he had not received the refund because he had worked for more than five years in his civil service position, as required by 5 U.S.C. § 8338(a). However, the provision governing the granting of refunds makes clear that once a refund is received, no annuity can be granted unless the refund is redeposited along with appropriate interest. See 5 U.S.C. § 8334(d)(1). The redeposit can be made only by a current civil service employee. See id. The Board therefore correctly concluded that because Mr. Vidal is no longer employed by the civil service he is not entitled to redeposit his refund and is thus not entitled to retirement benefits.

Mr. Vidal contends that the Board's decision is incorrect because he was essentially forced to resign from his job at the naval shipyard position due to illness, allegedly caused or aggravated by his working conditions. The Board correctly noted that Mr. Vidal's argument does not entitle him to retirement benefits, because the government may not grant such benefits unless they are authorized by law. See Richmond v. Office of Pers. Mgmt., 496 U.S. 414, 416 (1990). There is no legal support for Mr. Vidal's contention that he should receive retirement benefits because his illness compelled him to leave his position and prevented him from appreciating the consequences of requesting and accepting a refund of his CSRS contributions. Accordingly, this court has no authority to compel OPM to grant him an annuity.

Mr. Vidal also argues that his military service entitles him to receive an annuity. As the Board ruled, however, military service does not automatically count towards

2007-3315                                      3

eligibility for benefits in the civil service system. A veteran who subsequently works for an appropriate branch of the civil service may be entitled to an annuity based on military service, but only if the veteran pays contributions into the CSRS to cover the period of time that the veteran was in the armed services, which was not done in Mr. Vidal's case. See 5 U.S.C. § 8334(j)(1)(A). We note that the difference between civil service and armed services benefits is highlighted by the fact that Mr. Vidal is receiving disability benefits from the Department of Veterans Affairs, benefits that are based on Mr. Vidal's military service and are completely separate from the civil service benefits he is pursuing here.

Finally, Mr. Vidal states that equal protection principles require that he be granted an annuity. Mr. Vidal, however, does not appear to allege that any discrimination took place when he applied for, and was denied, deferred annuity benefits. To the extent that he is arguing that he was discriminated against because of his status as a veteran or because of any illness he may have had at the time he resigned from his civil service position, there is no evidence in the record to suggest that either of those factors had any influence on the decisions reached by OPM or the Board. We therefore reject Mr. Vidal's challenges to the Board's decision.