**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRENDA J. SMITH,<br>    Appellant, | DOCKET NUMBER<br>AT-0831-18-0339-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: March 27, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brenda J. Smith, Winder, Georgia, pro se.

Carla Robinson, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) final decision finding that the appellant was not entitled to an annuity under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant failed to prove that she was entitled to an annuity because her retirement deductions were never cashed and therefore remained in her retirement account, we AFFIRM the initial decision.

On August 19, 1980, the appellant completed and submitted to OPM an "Application for Refund of Retirement Deductions." Initial Appeal File, Tab 5 at 14. On November 12, 1980, OPM authorized a refund to the appellant in the amount of $4,973.62. *Id*. at 9. In November 2009, 29 years later, the appellant sent OPM a request for a deferred annuity. *Id*. at 16-17. She based her claim on her allegation that she did not cash the refund check, but instead returned it to her former employing agency after her separation from service. Hearing Compact Disc (testimony of the appellant). Thus, the record shows that OPM attempted payment of the appellant's lump-sum credit by check, and the appellant admits that she received it.

Generally, the receipt of the payment of the lump-sum credit by an employee voids all annuity rights under the CSRS based on the service on which the lump-sum credit is based. 5 U.S.C. § 8342(a). The appellant's argument raises the question of the meaning of the phrase "receipt of the payment of the lump-sum credit" in § 8342(a). In the absence of a statutory definition of that

phrase or clear guidance as to its meaning in the relevant legislative history, the words of that statute will be interpreted as taking their ordinary, contemporary, common meaning. *Weed v. Social Security Administration*, 107 M.S.P.R. 142, ¶ 6 (2007). The word "receive" generally means to take into one's possession, get, accept, or acquire. Webster's New World Dictionary 1212 (College Ed. 1968). It can also connote the taking into possession and control. Receive, Black's Law Dictionary (5th ed. 1979). Here, there is no dispute that the appellant took into her possession and controlled the "payment," which was made by check. Thus, the appellant has not met her burden of proving by preponderant evidence that she is entitled to an annuity because she did not "receive" payment of the lump-sum credit. *See Vidal v. Office of Personnel Management*, 267 F. App'x 946, 948 n.1 (Fed. Cir. 2008) (suggesting that receipt of a refund check, without cashing it, was enough to void annuity rights); *Resnick v. Office of Personnel Management*, 120 M.S.P.R. 356, ¶ 5 (2013) (holding that the appellant bears the burden of proof to show entitlement to a retirement annuity by preponderant evidence).

Even if § 8342(a) were read to require the cashing or negotiating of a refund check in order to void annuity rights, the appellant has still not met her burden under the circumstances of this case. In *Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 71 (1990), *aff'd,* 950 F.2d 731 (Fed. Cir. 1991) (Table), the former employee applied for a refund of his retirement deductions in April 1951, and OPM authorized payment of the refund in June 1951. In 1988, 37 years later, Mr. Rint applied for a deferred annuity, asserting that he had not received a refund of his retirement deductions. *Id.* at 72. The Board held that, under the circumstances, when there was a lengthy delay in raising a claim and the only definitive record of actual payment, the cancelled Treasury check, was not available because the Department of the Treasury maintained cancelled check records for only 10 years, OPM would be unduly prejudiced if the Board required it to produce definitive proof of the appellant's actual receipt of the check. *Id.*

The Board concluded that Mr. Rint failed to overcome the evidence that OPM had authorized issuance of the check and thereby prove that he did not receive a refund of his retirement contributions. *Id.*

This case differs from *Rint* because the appellant does not deny receipt of the retirement check. Nevertheless, the principle set forth in *Rint* and its progeny applies with equal force in this case. As noted, the appellant admits that she received the check, but claims that she never negotiated it. However, she has not produced the check, and her sworn testimony is the only evidence that she did not cash it. Thus, there is a delay of 29 years in raising her claim that the funds from her retirement account were not cashed, and the only definitive record of actual payment, the cancelled Treasury check, is not available because of the appellant's more than 10-year delay in asserting that she did not negotiate the check. OPM would be unduly prejudiced if the Board required it to produce definitive proof that the check the appellant received had been negotiated. *See Deleon v. Office of Personnel Management*, 49 M.S.P.R. 369, 372–73 (1991); *Rint*, 48 M.S.P.R. at 72. Under these circumstances, we find that even the appellant's sworn assertion that her retirement contributions remained in the retirement fund because they were received but not cashed would be insufficient evidence to prove that she is entitled to a deferred retirement annuity. *See Sosa v. Office of Personnel Management*, 76 M.S.P.R. 683, 685-86 (1997).

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

*Gina K. Grippando*

FOR THE BOARD:          _____

                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.